TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

ERIKA FURLONG, Trial Attorney (PA Bar No. 319350)
JENNIFER SUNDOOK, Trial Attorney (DC Bar No. 241583)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0424
E-mail: Jennifer.sundook@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OCEANA INC.,<br><br>               Plaintiff,<br><br>  vs.<br><br>NATIONAL MARINE FISHERIES SERVICE, *et al.*,<br><br>               Defendants. | CIVIL NO. 3:24-cv-00180-SLG |

## FEDERAL DEFENDANTS' ANSWER TO COMPLAINT

Defendants, the National Marine Fisheries Service (NMFS); the United States Department of Commerce (DOC); Gina Raimondo, in her official capacity as Secretary of the DOC; and Samuel D. Rauch, III, in his official capacity as Deputy Assistant Administrator for Regulatory Programs, NMFS (collectively, "Federal Defendants"),

provide the following Answer to Plaintiff's Complaint ("Complaint"). The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint. When a textual sentence of the Complaint is followed by a citation or citations, the textual sentence and its accompanying citation(s) are referred to as one sentence. Federal Defendants deny any allegations in Plaintiff's complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.[1]

1. The allegations in Paragraph 1 contain Plaintiff's characterization of its case and the nature of the action, to which no response is required. To the extent a response is required, the allegations are denied.

2. The allegations in Paragraph 2 contain Plaintiff's legal conclusion and request for relief, to which no responses are required. To the extent a response is required, the allegations are denied.

---

[1] The Administrative Procedure Act ("APA") governs judicial review of the merits of Plaintiffs' APA claims. *See* 5 U.S.C. § 706 ("the court shall review the whole record or those parts of it cited by a party"). In an APA action, the Court sits as an appellate tribunal and determines, as a matter of law, whether the facts found by the agency and the agency's decision as a whole are supported by the administrative record. *Id.*; *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012) (*en banc*) ("Because this is a record review case, we may direct that summary judgment be granted to either party based upon our review of the administrative record.") (citation omitted). Thus, the allegations of fact in the Complaint and any responses contained in this answer are not relevant to the judicial review. *See Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985) (in an APA action, "there are no disputed facts that the district court must resolve. That court is not required to resolve any facts in a review of an administrative proceeding."). Federal Defendants nonetheless respond to the numbered paragraphs of the Complaint.

3.	The allegations in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4.	The allegations in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5.	Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and deny them on that basis.

6.	The allegations in the fifth sentence of Paragraph 6 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and deny them on that basis.

7.	Federal Defendants admit that Plaintiff submitted comments on the essential fish habitat (EFH) five-year review and EFH amendments. The allegations in the fourth sentence of Paragraph 7 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 7 characterize comments that Plaintiff submitted to the Council and NMFS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, context, and meaning.

8. The allegations in the third sentence of Paragraph 8 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and deny them on that basis.

9. The allegations in the first sentence of Paragraph 9 characterize Federal Defendants' responsibilities under relevant legal authorities, which speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of those legal authorities. Federal Defendants admit the allegations in the second sentence of Paragraph 9.

10. Federal Defendants admit the allegations in Paragraph 10.

11. Federal Defendants admit the allegations in the first sentence in Paragraph 11. The second and third sentences of Paragraph 11 characterize the Secretary of Commerce's responsibilities under relevant legal authorities; those legal authorities speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of those legal authorities.

12. Federal Defendants admit the allegations in Paragraph 12.

13. The allegations in Paragraph 13 are too vague, ambiguous, and speculative to permit a response, and Federal Defendants deny them on that basis.

14. The allegations in Paragraph 14 are too vague, ambiguous, and speculative to permit a response, and Federal Defendants deny them on that basis.

15. The allegations in the first two clauses of Paragraph 15 characterize the EFH Amendments[2] and NMFS' authorizations for trawl fishing in the North Pacific, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, context, and meaning. The remaining allegations are too vague, ambiguous, and speculative to permit a response, and Federal Defendants deny them on that basis.

16. The allegations in Paragraph 16 are too vague, ambiguous, and speculative to permit a response, and Federal Defendants deny them on that basis.

17. The allegations in Paragraph 17 appear to characterize NMFS's *Evaluation of Fishing Effects on Essential Fish Habitat*, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning.

18. The allegations in Paragraph 18 characterize unattributed "new information," which speaks for itself and is the best evidence of its contents. Federal

---

[2] "EFH Amendments" refers to the fishery management plan (FMP) amendments at issue in this case: Amendment 127 to the FMP for Groundfish of the Bering Sea and Aleutian Islands Management Area, Amendment 115 to the FMP for Groundfish of Gulf of Alaska, Amendment 56 to the FMP for Bering Sea and Aleutian Islands King and Tanner Crabs, Amendment 17 to the FMP for the Salmon fisheries in the exclusive economic zone off Alaska and Amendment 3 to the FMP for the Fish Resources of the Arctic Management Area.

Defendants deny any allegations contrary to its plain language, context or meaning. The allegations in Paragraph 18 are also too vague, ambiguous, and speculative to permit a response, and Federal Defendants deny them on that basis.

19. The allegations in Paragraph 19 are too vague, ambiguous, and speculative to permit a response, and Federal Defendants deny them on that basis.

20. Federal Defendants admit that trawl fishing can kill or damage corals or sponges, subject to the clarification that the likelihood is low. The allegations in the second and third sentences in Paragraph 20 appear to characterize *A guide to the corals of Alaska*, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, context or meaning.

21. The allegations in Paragraph 21 are too vague, ambiguous, and speculative to permit a response, and Federal Defendants deny them on that basis.

22. The allegations in Paragraph 22 characterize without attribution scientific data concerning the halibut spawning and nursery grounds in the North Pacific and halibut stock assessments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, context or meaning.

23. The allegations in Paragraph 23 appear to characterize without attribution the International Pacific Halibut Commission's data concerning halibut larval distribution and NMFS's data concerning trawl landings, which speak for themselves and are the best

evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, context or meaning.

24. The allegations in Paragraph 24 appear to characterize without attribution NMFS's data concerning Alaska king and Tanner crab habitat and data concerning trawl landings, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, context or meaning.

25. Federal Defendants admit that Alaska Natives have relied on marine resources for generations and that it is central to many of their lives and cultures. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 25 and deny them on that basis.

26. The allegations in Paragraph 26 appear to characterize NMFS's Economic Status Reports for the Gulf of Alaska and Bering Sea/Aleutian Islands, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, context or meaning.

27. The allegations in Paragraph 27 are too vague, ambiguous, and speculative to permit a response, and Federal Defendants deny them on that basis.

28. The allegations in Paragraph 28 characterizes responsibilities under relevant legal authorities, those legal authorities speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of those legal authorities.

29. The allegations in Paragraph 29 are too vague and ambiguous as to what constitutes "recent environmental changes," "habitat protections" and "more climate-resilient populations" to permit a response, and Federal Defendants deny them on that basis.

30. The allegations in Paragraph 30 appear to characterize NMFS's annual Ecosystem Status Reports, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, context or meaning.

31. The allegations in Paragraph 31 are too vague, ambiguous, and speculative as to what constitutes "exacerbates," "other anthropogenic impacts," "altered trophic dynamics" and "shifts in abundance and distribution of species" to permit a response, and Federal Defendants deny them on that basis.

32. The allegations in Paragraph 32 characterize unattributed scientific research concerning sea ice, climate variability, and habitat productivity, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, context, or meaning.

33. The allegations in Paragraph 33 characterize unattributed scientific research concerning the impacts of a heat wave on the Gulf of Alaska, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to their plain language, context, or meaning.

34. The allegations in Paragraph 34 characterize unattributed climate projections, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, context, or meaning.

35. The allegations in Paragraph 35 are too vague, ambiguous, and speculative as to what constitutes "especially vulnerable to ocean acidification" to permit a response, and Federal Defendants deny them on that basis.

36. The allegations in Paragraph 36 characterize unattributed ocean chemistry projections, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, context or meaning.

37. The allegations in Paragraph 37 characterize unattributed Pacific cod and walleye pollock research, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, context, or meaning.

38. The allegations in the first, second, and fifth sentences in Paragraph 38 characterize crab stock abundance data, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context. The allegations in the third and fourth sentences in Paragraph 38 characterize NMFS's regulatory closure measures, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any

allegations contrary to their plain language, meaning or context. The allegations in sixth sentence in Paragraph 38 are too vague, ambiguous, and speculative to permit a response, and Federal Defendants deny them on that basis.

39. The allegations in Paragraph 39 appear to characterize NMFS's regulatory closure measures in the Aleutian Islands, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the regulations' plain language, meaning or context.

40. Federal Defendants deny the allegations in Paragraph 40.

41. Federal Defendants deny the allegations in Paragraph 41.

42. The allegations in Paragraph 42 characterize the Magnuson-Stevens Fishery Conservation and Management Act (MSA), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

43. Federal Defendants admit the allegations in Paragraph 43.

44. The allegations in Paragraph 44 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

45. The allegations in Paragraph 45 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

46. The allegations in Paragraph 46 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

47. The allegations in Paragraph 47 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

48. The allegations in Paragraph 48 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

49. The allegations in Paragraph 49 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

50. The allegations in Paragraph 50 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

51. The allegations in Paragraph 51 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

52. The allegations in Paragraph 52 characterize the MSA and its associated regulations, which speak for themselves and are the best evidence of their contents.

Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the MSA or its associated regulations.

53. The allegations in Paragraph 53 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

54. The allegations in Paragraph 54 characterize the MSA and its associated regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the MSA or its associated regulations.

55. The allegations in Paragraph 55 characterize the MSA and its associated regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the MSA or its associated regulations.

56. The allegations in Paragraph 50 characterize Fishery Management Plans, which speaks for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context.

57. Federal Defendants admit that the Council began a five-year review of EFH components in 2019. Federal Defendants deny the remaining allegations in Paragraph 57.

58. Federal Defendants admit that NMFS approved EFH amendments to five FMPs on July 19, 2024.

59. The allegations in Paragraph 59 characterize the EFH amendments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the EFH amendments' plain language, meaning, or context.

60. Federal Defendants admit that NMFS did not prepare an environmental impacts statement (EIS) to analyze the effects of the 2024 EFH amendments subject to the clarification that NMFS did prepare an Environmental Assessment (EA) that tiers to and incorporates by reference an earlier EIS that analyzed those effects.

61. Federal Defendants admit the allegations in Paragraph 61 subject to the clarification that the EA for the EFH amendments tiers to and incorporates by reference an earlier EIS.

62. The allegations in Paragraph 62 characterize the EA which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the EA's plain language, meaning, or context.

63. The allegations in Paragraph 63 characterize the EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the EA's plain language, meaning, or context.

64. The allegations in Paragraph 64 characterize NMFS's EFH five-year reviews, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the reviews' plain language, meaning, or context.

65. The allegations in Paragraph 65 characterize advice from the North Pacific Fishery Management Council's scientific and statistical committee (SSC), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the advice of the SSC's plain language, meaning, or context.

66. Federal Defendants admit the allegations in Paragraph 66.

67. The allegations in Paragraph 67 characterize NMFS's fishing effects model, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the model's plain language, meaning, or context.

68. The allegations in Paragraph 68 characterize NMFS's fishing effects model, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the model's plain language, meaning, or context.

69. The allegations in Paragraph 69 characterize NMFS's fishing effects model, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the model's plain language, meaning, or context.

70. The allegations in the first sentence of Paragraph 70 characterize NMFS's EFH five-year review, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the review's plain language, meaning, or context. The allegations in the second and third sentence are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

71. Federal Defendants hereby incorporate all preceding paragraphs.

72. The allegations in Paragraph 72 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

73. The allegations in Paragraph 73 characterize the MSA and its associated regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the MSA or its associated regulations.

74. Federal Defendants deny the allegations in Paragraph 74.

75. The allegations in Paragraph 75 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

76. Federal Defendants deny the allegations in the first and second sentences of Paragraph 76. The allegations in the third sentence of Paragraph 76 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

77. The allegations in the first and fourth sentences of Paragraph 77 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second and third sentences of Paragraph 77 characterize the MSA, which speaks for itself and is the best

evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the MSA.

78. The allegations in Paragraph 78 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

79. The allegations in Paragraph 79 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

80. Federal Defendants hereby incorporate all preceding paragraphs.

81. The allegations in Paragraph 81 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

82. The allegations in Paragraph 82 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

83. The allegations in Paragraph 83 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

84. Federal Defendants deny the allegations in Paragraph 84.

85. Federal Defendants deny the allegations in the first sentence of Paragraph 85. The allegations in the second sentence Paragraph 85 characterize the EFH Amendments and the EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context.

86. Federal Defendants deny the allegations in Paragraph 86.

87. Federal Defendants deny the allegations in Paragraph 87.

88. The allegations in Paragraph 88 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

89. Federal Defendants hereby incorporate all preceding paragraphs.

90. The allegations in Paragraph 90 characterize NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to NEPA's plain language, meaning, or context.

91. The allegations in Paragraph 91 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

92. Federal Defendants admit that NMFS prepared an EA, which incorporated by reference its 2005 EFH EIS. The remaining allegations in Paragraph 92 are too vague, ambiguous, and speculative to permit a response and are denied on that basis.

93. Federal Defendants deny the allegations in Paragraph 93.

94. The allegations in Paragraph 94 characterize NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to NEPA's plain language, meaning, or context.

95. The allegations in Paragraph 95 characterize NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to NEPA's plain language, meaning, or context.

96. The allegations in Paragraph 96 characterize NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to NEPA's plain language, meaning, or context.

97. Federal Defendants deny the allegations in Paragraph 97.

98. The allegations in Paragraph 98 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

99. Federal Defendants hereby incorporate all preceding paragraphs.

100. The allegations in Paragraph 100 characterize NEPA and its associated regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of NEPA or its associated regulations.

101. The allegations in the first sentence of Paragraph 101 characterize NEPA and its associated regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of NEPA or its associated regulations. The allegations in the second and third sentences in Paragraph 101 characterize the EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, or context.

102. The allegations in Paragraph 102 characterize the EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, or context.

103. The allegations in Paragraph 103 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

104. The allegations in Paragraph 104 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## RESPONSE TO PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint constitutes its prayer for relief, to which no response is required. To the extent a further response is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

# AFFIRMATIVE DEFENSES

1. The Court lacks subject-matter jurisdiction over some or all of Plaintiff's claims.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff has failed to exhaust its administrative remedies and thus have waived some or all of its claims.

4. Defendants reserve the right to assert any other claims or defenses as may be available, or may become available during the course of these proceedings.

Respectfully submitted this 16th day of October, 2024.

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Jennifer Sundook*
JENNIFER SUNDOOK (DC Bar No. 241583.)
Natural Resources Section
ERIKA FURLONG (PA Bar No. 319350)
Wildlife & Marine Resources Section
Trial Attorneys
150 M Street NE
Washington, DC 2002
(202)305-0424 (Furlong)
(202)305-0239 (Sundook)
Fax: (202)305-0275
Jennifer.Sundook@usdoj.gov
Erika.Furlong@usdoj.gov

*Attorneys for Defendants*