IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

OCEANA, INC.,

        Plaintiff,

  v.

NATIONAL MARINE FISHERIES SERVICE, *et al.*,

        Defendants,

  and

AT-SEA PROCESSORS ASSOCIATION, *et al.*,

        Intervenor-Defendants.

Case No. 3:24-cv-00180-SLG

## ORDER ON MOTION TO INTERVENE

Before the Court at Docket 18 is a Motion to Intervene as Defendants filed by At-Sea Processors Association, Alaska Groundfish Data Bank, and Groundfish Forum, Inc. (collectively, "Proposed Intervenors"). Plaintiff Oceana, Inc. ("Oceana") takes no position on the motion.[1] Defendants National Marine Fisheries Service ("NMFS"), the United States Department of Commerce, Secretary of Commerce Gina M. Raimondo, and Deputy Assistant Administrator for Regulatory Programs of NMFS Samuel D. Rauch, III (collectively, "Federal

---

[1] Docket 23.

Defendants") take no position on Proposed Intervenors' participation as permissive intervenors, but oppose their entitlement to intervene as a matter of right.[2]

For the reasons set forth below, the motion to intervene is GRANTED.

## BACKGROUND

On August 16, 2024, Oceana brought suit against Federal Defendants, challenging their approval of amendments relating to essential fish habitat for five fishery management plans for fisheries in the North Pacific.[3] Oceana alleges that, in approving the amendments, Federal Defendants violated the Magnuson-Stevens Fishery Conservation and Management Act, the National Environmental Policy Act, and the Administrative Procedure Act.[4]

Proposed Intervenors include three organizations with interests in groundfish harvesting in the North Pacific. The At-Sea Processors Association "is a professional trade association representing members that operate catcher-processor vessels involved in the [Bering Sea and Aleutian Islands] Alaska Pollock fishery," which is the nation's largest fishery and the world's largest groundfish fishery by volume.[5] The Alaska Groundfish Data Bank is "a member-based organization [that] represent[s] shoreside trawl catcher vessels and processors" at

---

[2] Docket 22.

[3] Docket 1 at ¶ 1. Oceana filed its First Amended Complaint on November 5, 2024. Docket 16.

[4] Docket 1 at ¶ 2.

[5] Docket 18 at 7 (citing Docket 18-1 at ¶¶ 3, 6).

Case No. 3:24-cv-00180-SLG, *Oceana, Inc. v. Nat'l Marine Fisheries Serv., et al.*
Order on Motion to Intervene
Page 2 of 6
Case 3:24-cv-00180-SLG   Document 26   Filed 12/09/24   Page 2 of 6

North Pacific Fishery Management Council meetings and before the Alaska Board of Fish, and that "actively participates in fishery management by managing voluntary catch share agreements and generating weekly catch reports."[6] Its members participate in the federal Gulf of Alaska groundfish fisheries and state fisheries, and some fish in the Bering Sea.[7] Groundfish Forum, Inc. ("GFF") "is a trade association representing five member companies that operate 15 catcher-processor vessels . . . [that] fish[] for groundfish in the Bering Sea."[8] "GFF was formed to solve fishery management and environmental issues," and its mission includes advocating for its sector "in regulatory and administrative matters pending before the [North Pacific Fishery Management] Council and NMFS."[9]

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) directs district courts to permit a party to intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of an action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

---

[6] Docket 18 at 7-8 (citing Docket 18-2 at ¶¶ 3-6).

[7] Docket 18 at 8 (citing Docket 18-2 at ¶ 6).

[8] Docket 18 at 8 (citing Docket 18-3 at ¶ 3).

[9] Docket 18 at 9 (citing Docket 18-3 at ¶ 5).

Case No. 3:24-cv-00180-SLG, *Oceana, Inc. v. Nat'l Marine Fisheries Serv., et al.*
Order on Motion to Intervene
Page 3 of 6

Case 3:24-cv-00180-SLG    Document 26    Filed 12/09/24    Page 3 of 6

Additionally, Rule 24(b)(1)(B) allows a district court to permit a movant to intervene permissively if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." The Ninth Circuit has held that permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."[10] "If the trial court determines that the initial conditions for permissive intervention under rule 24(b)(1) . . . are met, it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention."[11]

A court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[12]

## DISCUSSION

At Docket 18, Proposed Intervenors move to intervene as a matter of right, or, in the alternative, to intervene permissively. As explained below, because the Court finds permissive intervention to be warranted, the Court does not reach intervention as a matter of right.

Proposed Intervenors meet the threshold requirements for permissive

---

[10] *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (internal quotation marks omitted) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)).

[11] *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). See *id.* for these relevant additional factors.

[12] Fed. R. Civ. P. 24(b)(3).

Case No. 3:24-cv-00180-SLG, *Oceana, Inc. v. Nat'l Marine Fisheries Serv., et al.*
Order on Motion to Intervene
Page 4 of 6
Case 3:24-cv-00180-SLG   Document 26   Filed 12/09/24   Page 4 of 6

intervention.

First, where, as here, the Court has federal question jurisdiction over the action and the proposed intervenor is not raising a new claim, no independent basis for jurisdiction is necessary.[13]

Second, the motion—which was filed about a month after Federal Defendants' filed their Answer to the Complaint, before Federal Defendants' filed an answer to the First Amended Complaint, and on the same day the administrative record was lodged—came during the preliminary stages of the litigation and is therefore timely.[14]

Third, there is also a common question of law and fact between Proposed Intervenors' defenses and the main action. Here, Proposed Intervenors intend to present defenses that are in common with the main action, namely, the legality of the fishery management plan amendments.[15] Hence, all three threshold requirements for permissive intervention by Proposed Intervenors are met.

---

[13] *Freedom from Religion Found., Inc.*, 644 F.3d at 844.

[14] Docket 18 at 12-13; *see also* Docket 15 (Answer to Complaint filed October 16, 2024); Docket 17 (Notice of Filing Administrative Record filed November 14, 2024); Docket 18 (Motion to Intervene filed November 14, 2024); Docket 21 (Answer to Amended Complaint filed November 15, 2024).

[15] *See* Docket 18 at 11 ("If Plaintiff were to succeed in its efforts [requesting vacatur of the amendments,] it would have a substantial negative impact on [Proposed Intervenors.]"), at 14-15 (discussing Proposed Intervenors' participation in passage of the amendments), at 20 ("[Proposed Intervenors'] interests are placed directly at stake by the Plaintiff's claims and present issues of law and fact common to the main action.").

Case No. 3:24-cv-00180-SLG, *Oceana, Inc. v. Nat'l Marine Fisheries Serv., et al.*
Order on Motion to Intervene
Page 5 of 6
Case 3:24-cv-00180-SLG    Document 26    Filed 12/09/24    Page 5 of 6

Upon due consideration of the discretionary factors that a court may consider in evaluating permissive intervention,[16] the Court likewise finds that permissive intervention is justified.

Finally, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[17] Given Proposed Intervenors' prompt motion for intervention, undue delay and prejudice are unlikely.

## CONCLUSION

For the foregoing reasons, the Motion to Intervene at Docket 18 is **GRANTED**. Intervenor-Defendants shall file a clean, previously undocketed copy of their Answer to Plaintiff's First Amended Complaint[18] within **seven days** of the date of this order. The case caption is amended as shown above.

DATED this 9th day of December 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[16] *See Spangler*, 552 F.2d at 1329.

[17] Fed. R. Civ. P. 24(b)(3).

[18] *See* Docket 15-4 (Proposed Answer).

Case No. 3:24-cv-00180-SLG, *Oceana, Inc. v. Nat'l Marine Fisheries Serv., et al.*
Order on Motion to Intervene
Page 6 of 6
Case 3:24-cv-00180-SLG   Document 26   Filed 12/09/24   Page 6 of 6